IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| MARK ENSMINGER and | ) | |
| TY LYONS, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | Case No. |
| | ) | |
| FAIR COLLECTIONS & | ) | **JURY TRIAL DEMANDED** |
| OUTSOURCING, INC. | ) | |
| | ) | **COMPLAINT – CLASS ACTION** |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "the Act"), 15 U.S.C. §§ 1692 *et seq.* As set forth herein, Defendant Fair Collections & Outsourcing, Inc. ("FCO") engaged in violations of the Act. In support of their Complaint, Plaintiffs respectfully submit the following:

## JURISDICTION AND VENUE

1.      This action arises out of violations of the FDCPA by Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiffs and other similarly situated consumers.

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff Mark Ensminger ("Ensminger") is a natural person who resides in Olathe, Kansas, which is situated in Johnson County. Ensminger is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Plaintiff Ty Lyons ("Lyons") is a natural person who resides in Hutchinson, Kansas, which is situated in Reno County. Lyons is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Fair Collections & Outsourcing, Inc. is a collection agency and a Maryland corporation operating from an address of 12304 Baltimore Ave. Suite E, Beltsville, Maryland 207058. FCO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). FCO may be served via its registered agent: Michael E. Sobota; 10016 Carmelita Drive; Potomac, Maryland 20854.

## FACTUAL <u>ALLEGATIONS</u>

7.      FCO regularly attempts to collect debts by contacting consumers by United States mail.

8.      As set forth herein, FCO regularly sends letters to consumers advising them of alleged debts they owe. As part of its communications, FCO regularly sends letters to consumers with the following statement:

> **NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELEIVERD WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR**

2

9.    As set forth herein, FCO regularly communicates this statement in bold, all caps formatting, with the statement being indented or otherwise set aside from other text in FCO's letters.

10.    FCO's statement and the format of its presentation to consumers is misleading because it misstates the FDCPA's requirements.

11.    Debt collectors must not communicate with alleged debtors at the alleged debtor's place of work if the debt collector knows, or has reason to know the employer forbids such communication. § 1692c (3).

12.    Oral notice is sufficient to put a debt collector on notice that such communication is forbidden. *Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769 (7th Cir. 2003)

13.    Debt collectors must accept verbal notice and may not demand written notice where the FDCPA does not authorize such an assumption. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010).

14.    Thus, FCO's letter communicates false, deceptive, and misleading representations concerning the rights of consumers under the FDCPA.

15.    The FDCPA forbids debt collectors' use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken. § 1692e.

16.    A collection letter is unlawfully deceptive when "it can be reasonably read to have two or more meanings, one of which is inaccurate." *Russel v. Equifax A.R.S.,*  74 F.3d 30, 35 (2d Cir. 1996).

17.    FDCPA violations are judged by the objective standard of the unsophisticated consumer. *Peters v. Gen. Serv. Bureau., Inc*., 277 F.3d 1051, 1055-1056 (8th Cir. 2002).

18.     Unsophisticated consumers could reasonably read the second page of Defendant's letters as a complete statement of their rights. *Velazquez v. Fair Collections & Outsourcing, Inc.*, 2013 WL 4659564, Case No. 12 C 04209 (N.D. Illinois 2013)

19.     Bolded, set aside language in debt collection letters could reasonably lead an unsophisticated consumer to believe that such language was a complete statement of the consumer's rights, overshadowing any other rights. *Jarzyna v. Home Properties, L.P.*, 763 F. Supp.2d 742 (E.D. Pa. 2011).

20.     An unsophisticated consumer could reasonably have his attention drawn to Defendant's bold, set-aside and indented paragraph in all capital letters on the reverse or second page of Defendant's various collection letters to alleged debtors described above.

21.     An unsophisticated consumer could reasonably read the bolded, set-aside paragraph printed with only capital letters in isolation and believe that it was a complete statement of the consumer's rights.

22.     An unsophisticated consumer could reasonably be misled into thinking that the consumer was obligated to provide written notice to Defendant in order to prevent communication at work.

23.     An unsophisticated consumer could reasonably understand Defendant to be threatening to continue contacting them at work unless they provided written confirmation of their notice that their employer prohibited debt collection contact at their place of employment.

24.     Thus, FCO violated the FDCPA's prohibition against use of false and/or misleading representation found at 15 U.S.C. § 1692e by sending letters that an unsophisticated consumer could reasonably read in a way that misrepresents the alleged debtor's rights and threatened that Defendant would take an action not authorized by law.

25.    On information and belief Defendant sends thousands of letters every year to alleged debtors containing the same language and same formatting as described in paragraphs 8 and 9, and the letters sent to Plaintiffs as described herein.

26.    The language in Defendant's letter mirrors Massachusetts' supplemental protections for consumers in Massachusetts found in 209 CMR 18.14.

27.    The debt collection maintains common procedures that, to the extent possible, avoid deceptively guiding consumers' attention to state-specific statements of rights. Some of these practices include:

   a.    Placing a disclaimer directly underneath the language stating that it does not limit other rights;

   b.    Highlighting, bolding, or underlining only the names of states unless otherwise mandated by law, which draws consumers' attention only to statements for their own state;

   c.    Including notice that clearly indicates the language applies only to a specific state; or

   d.    Using consistent typeface and formatting that avoids drawing undue attention to this language.

28.    Defendant's letters use one or more of the industry's practices concerning other states, but it does not use any of these practices to clarify the language in paragraphs 8 and 9, and the letters sent to Plaintiffs as described herein.

29.    Massachusetts' state-specific language is substantially more susceptible to reading as a limitation to consumers' rights than any other state-mandated language.

30.     Defendant's letters do not convey that the language is limited to Massachusetts in such a way that an unsophisticated consumer would understand.

31.     Defendant does not include notice that the language is required by state law and is only supplemental to other rights.

32.     Moreover, Defendant's letters direct consumers to look to the reverse side or additional pages for "important information regarding state and federal laws and your rights."

33.     An unsophisticated consumer could reasonably believe that the language in paragraphs 8 and 9 and the letters sent to Plaintiffs as described herein is a statement of their rights under federal law because they were told to look for information regarding their federal rights and Defendant did not maintain reasonable procedures to avoid this false communication.

34.     Thus, Defendant draws consumers' attention by isolating the paragraph, bolding the text and use capital letters, which could lead the unsophisticated consumer to read Massachusetts' language out of context and believe that the supplemental protections were a complete statement of their legal rights and obligations.

**Defendant's Letters to Plaintiff Mark Ensminger**

35.     Defendant sent two letters to Ensminger on or about March 20, 2015: (1) a letter offering to accept a reduced amount as payment in full for an alleged debt (the "Collection Letter"), and (2) a letter informing Ensminger that Defendant had "investigated" Ensminger's dispute of the alleged debt and had "found the account to be reported correctly and will continue to report it." (the "Investigation Letter").

36.     Defendant's letters to Ensminger were attempts to collect a debt alleged to be owed by Ensminger: a debt to Shadow Mountain Ridge that was incurred primarily for personal, family or household services and therefore a "debt" as that term is defined in § 1692a(5).

6

37.     Ensminger retained counsel to assist in the resolution of the debt Defendant alleged Ensminger owed.

38.     On or about April 24, 2015, Ensminger's attorney sent a request that Defendant provide documentation for the debt Ensminger allegedly owed.

39.     Defendant did not provide documentation of Ensminger's alleged debt.

40.     On or about May 18, 2015, Defendant sent Ensminger a letter via email to his attorney stating the alleged debt "has been cancelled in [Defendant's] office." ("Cancellation Letter").

41.     On information and belief, Defendant "cancelled" the debt because Defendant could not provide documentation of the validity of the debt and/or Defendant's lawful right to collect the alleged debt.

42.     All three of Defendant's letters to Ensminger directed Ensminger to look to the reverse side or additional pages for "important information regarding state and federal laws and your rights."

43.     The reverse side of Defendant's Collection Letter to Ensminger contains the following as a separate, bolded and uniquely indented paragraph in capital letters:

**NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELEIVERD WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

44.     The second page of Defendant's Investigation Letter contains the same language as referenced in Paragraph 43, in a separate, bolded paragraph in all capital letters.

45. The second page of Defendant's Cancellation Letter contains the same language as referenced in Paragraphs 43 and 44, in a separate, bolded paragraph in all capital letters.

**Defendant's Letters to Plaintiff Ty Lyons**

46. On or about February, 17, 2016, Defendant sent a letter to Lyons acknowledging that Lyons alleged debt was "settled in full" ("Settlement Letter") and that Defendant would update its reports to the credit bureaus accordingly.

47. Defendant's Settlement Letter was an attempt to collect a debt alleged to be owed by Lyon, namely, a debt to Verano that was incurred primarily for personal, family or household services and therefore a "debt" as that term is defined in U.S.C. § 1692a(5).

48. Defendant's Settlement Letter directed Lyons to look to the reverse side for "important information regarding state and federal laws and your rights."

49. The reverse side of the Settlement Letter contains the same separate, bolded and uniquely indented paragraph in capital letters as Defendant's Collection Letter:

> **NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELEIVERD WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

50. As set forth herein, Defendant's conduct violated the FDCPA's prohibition against use of false and/or misleading representation found at 15 U.S.C. § 1692e by sending letters that an unsophisticated consumer could reasonably read in a way that misrepresents the alleged debtor's rights and threatened that Defendant would take an action not authorized by law.

**CLASS ACTION ALLEGATIONS**

51.     Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and the following proposed class:

> All consumers in the United States who, between March 18, 2015 and the present, received a letter from Defendant containing the language identified in paragraphs 8 and 9 in a format and placement that is substantially similar to the language identified in paragraphs 8 and 9, and the letters sent to Plaintiffs as described herein.

52.     Excluded from the Class are Defendant, any affiliate, parent, employee or subsidiary of Defendant; any officer, director, or employee of Defendant, anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

53.     This action has been brought and may be properly maintained as a class action under Federal Rule of Civil Procedure 23.

54.     **Numerosity of the Class – Rule 23(a)(1).**  Class members are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses can be obtained from information and records in Defendant's possession and control. Class members may be notified of the pendency of this action by mail or by published notice or other appropriate methods.

55.     **Existence and Predominance of Common Questions of Law and Fact – Rule 23(a)(2), 23(b)(3).**  Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  These common legal and factual questions, each of which may also be certified under Rule 23(c)(4), include the following:

   a.     The scope and extent of Defendant's use of the language identified herein;

   b.     Whether the language could reasonably mislead an unsophisticated consumer;

9

c.      Whether Defendant's conduct violated the FDCPA;

d.      Whether Plaintiffs and the other Class members are entitled to equitable relief, including declaratory relief, restitution, rescission, a preliminary and/or a permanent injunction; and

e.      Whether Plaintiffs and the other Class members are entitled to damages and/or other monetary relief; and

f.      Whether this case may be maintained as a class action.

54.    **Typicality – Rule 23(a)(3).**  Plaintiffs' claims are typical of the claims of the Class because Plaintiffs received letters from Defendant with the misleading language identified herein.

55.    **Adequacy of Representation – Rule 23(a)(4).**  Plaintiffs will fairly and adequately protect the interests of Class members. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs will prosecute this action vigorously. Plaintiffs have no interests adverse or antagonistic to those of the Class.

56.    **Superiority - Rule 23(b)(3).**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are small compared with the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for the Class members, on an individual basis, to obtain effective redress for the wrongs done them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court

system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

57.     In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

a.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

b.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (On Behalf of the Class Against Defendant)

58.     Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein. Plaintiffs assert this cause of action on behalf of the Class against Defendant.

59.     Section 807 of the FDCPA, codified at 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60.    FCO is a debt collector under the FDCPA.

61.    Plaintiffs and members of the Class are consumers under the FDCPA.

62.    FCO's letters to consumers containing the language identified herein constitute an effort to collect a debt under the FDCPA.

63.    As described herein, in connection with the collection of debts, FCO has used false, deceptive, or misleading representations and means.

64.    Specifically, FCO's use of the language set forth in 8 and 9, and the letters sent to Plaintiffs as described herein constitutes a false, deceptive, or misleading representation or means, particularly in light of the formatting used by Defendant to misleadingly highlight that language.

65.    FCO's conduct violates Section 807 of the FDCPA.

## DESIGNATION OF PLACE OF TRIAL

66.    Plaintiff requests a trial be held at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the Class as defined herein respectfully request judgment and relief as follows:

1.    For an order certifying the proposed Class, and appointing Plaintiffs and their counsel of record to represent the proposed Class;

2.    For an order declaring that FCO violated the FDCPA;

3.      For an order awarding Plaintiffs and Class members damages as provided for in

15 U.S.C. § 1692k(a) from Defendant; and

4.      For an order awarding Plaintiffs and Class members reasonable attorneys' fees

and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.


DATED: March 18, 2016                    Respectfully submitted,

                                         **CREDIT LAW CENTER LLC**

                                         _____/s/ Tom Addleman_____
                                         Thomas A. Addleman, KS Bar No. 21104
                                         Addleman Law Firm, LLC
                                         255 NW Blue Parkway, Suite 200
                                         Lee's Summit, Missouri 64063
                                         Telephone:    (816) 994-6200
                                         Facsimile:    (816) 396-6240
                                         Email:        TomA@creditlawcenter.com

                                                       -and-

                                         Matthew L. Dameron, KS Bar No. 21071
                                         **WILLIAMS DIRKS DAMERON LLC**
                                         1100 Main Street, Suite 2600
                                         Kansas City, Missouri 64105
                                         Telephone:    (816) 876-2600
                                         Facsimile:    (816) 221-8763
                                         Email:        matt@williamsdirks.com

                                         *Attorneys for Plaintiffs and the Proposed Class*

13