## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK ENSMINGER AND TY LYONS, | ) |
| | ) |
| PLAINTIFFS, | ) CIVIL ACTION |
| | ) CASE NO.  2:16-CV-02173 |
| V. | ) |
| | ) |
| FAIR COLLECTIONS AND | ) |
| OUTSOURCING, INC., | ) |
| | ) |
| DEFENDANT. | ) |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
### PURSUANT TO RULE 12(B)(6)

COMES NOW Defendant, Fair Collections & Outsourcing, Inc. ("Defendant" or "FCO"), by and through its undersigned attorneys, and in support of its Motion to Dismiss Pursuant to Rule 12(b)(6), states as follows:

### BACKGROUND

This is a class action case that arises out of an attempt to collect debts incurred by the Plaintiffs, Mark Ensminger ("Ensminger") and Ty Lyons ("Lyons", together with Ensminger, "Plaintiffs").  Ensminger claims he received correspondence from FCO on or around March 20, 2015 (consisting of two letters) and on May 18, 2015.[1]  (Complaint at ¶¶ 35 and 40).  Lyons claims he received a letter on or about February 17, 2016, acknowledging Lyons' claim was settled in full (All letters mentioned in the Complaint are hereby referred to as the "Letters"). (Complaint at ¶ 46).  The Letters are hereby attached as **Exhibit A** and incorporated by reference herein.[2]  The Letters include a statement at the bottom of the first page which state "[s]ee

---

[1] The May 18, 2015 was allegedly sent to Ensminger's counsel.

[2] "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp. v. Associated Wholesale Grocers, Inc., 130

additional page for important information regarding state and federal laws and your rights." (Complaint at ¶ 15).  The second pages of the Letters include additional disclosures.  The Letters state that "[i]f this letter is from Fair Collections & Outsourcing of New England, Inc., the following disclosures also apply."  (Letters at pg. 2).   The Letters then list four states: Idaho, Maine, Massachusetts and Wisconsin.  (Letters at pg. 2).  Each state provides information relevant to that state. (Letters at pg. 2).   Additionally, directly below the section titled "MASSACHUSETTS" and above the section titled "WISCONSIN", the Letters include a notice that states:

> **NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

(the "Massachusetts Disclosure") (Letters at pg. 2); (Complaint at ¶¶ 8, 43 and 49).   The Massachusetts Disclosure is required by the Commonwealth of Massachusetts for any communication by a debt collector with a consumer.  209 Mass. Code Regs. 18.14; (Complaint at ¶ 26).  Plaintiffs claim this state-specific disclosure was misleading and is susceptible to be read as a limitation to consumers' rights under the FDCPA pursuant to 16 U.S.C. § 1692e. (Complaint at ¶ 59).  FCO moves to dismiss the Complaint as it fails to state a claim because the Massachusetts Disclosure is clearly limited to residents of Massachusetts for the reasons stated below.

---

F.3d 1381, 1384 (10th Cir. 1997).  In the present case the Letters clearly are embraced by the Complaint as the entire claim is based on their content.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the well-pleaded facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party.  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).  To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The Twombly Court stated that mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 554.  If the factual allegations are well-pled, the court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief.  See Id. at 679. A claim has facial plausibility when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  See Id. at 678.

## ARGUMENT

### Plaintiff has failed to demonstrate that the Massachusetts Disclosure was false and/or misleading and a violation of the FDCPA

FCO's disclosure in the Letters was limited to residents of Massachusetts and it is not possible that even the least sophisticated or unsophisticated consumer would read the Massachusetts Disclosure otherwise.  "The Tenth Circuit has recognized that other circuit courts of appeal have applied an objective standard when analyzing claims under the FDCPA,

'measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector.'" <u>Kalebaugh v. Berman & Rabin, P.A.</u>, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (citing <u>Ferree v. Marianos, 129 F.3d 130</u>, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (unpublished table opinion) (citing <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 34 (2d Cir.1996)).  "Under the 'least sophisticated consumer test,' the courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." <u>Id.</u>  "But as the Tenth Circuit also explained, the least sophisticated consumer 'can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." <u>Id.</u>  "Thus, while the least sophisticated consumer test 'protects the naïve and credulous,' the courts apply this standard in a way that also 'protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" <u>Id.</u>

While the Tenth Circuit used the least sophisticated consumer standard in the <u>Ferree</u> case, it has never adopted the least sophisticated consumer test or the unsophisticated consumer test used in several other Circuits.  <u>Id.</u> at 1221.  The Ninth Circuit has noted, however, that the 'unsophisticated consumer' standard appears to differ from the least sophisticated consumer test only in semantics.  <u>Id.</u>  "For similar reasons, the Fifth Circuit considers these two tests one in the same."  <u>Id.</u>   Based on guidance from the Tenth Circuit, this Court has applied the least sophisticated consumer test.  <u>Id.</u>; <u>See</u> <u>Yang v. Midland Credit Mgmt., Inc.</u>, No. 15-2686-JAR, 2016 WL 393726, at *3 (D. Kan. Feb. 2, 2016).

The courts in <u>Kalebaugh</u> and <u>Yang</u> also discussed whether pursuant to Tenth Circuit law a determination of whether a dunning letter is false, deceptive or misleading under § 1692e is a question for the court or the jury.  In <u>Kalebaugh</u>, the court stated that it predicts "that the Tenth

Circuit would apply a consistent approach to claims arising under section 1692e and conclude that a court must determine whether a violation has occurred as a matter of law." Kalebaugh, 43 F. Supp. 3d at 1223 (D. Kan. 2014). Kalebaugh also noted that even in jurisdictions that found § 1692e determinations to be jury questions, those courts "explained that not all cases require a jury trial if material facts are not disputed and the court is able to decide the case as a matter of law based on the language of the collection letter." Id. at 1222. This reasoning was adopted by this Court in Yang as well. 2016 WL 393726, at *3 ("The Court agrees with Judge Crabtree that it may determine whether the letter violates § 1692e as a matter of law."). Hence, it is appropriate for this Court to make a determination whether the Letters violated § 1692e.

Several courts have considered whether state-specific disclosures contained in collection notices are false or misleading under 15 U.S.C. § 1692e. Jackson v. Immediate Credit Recovery, Inc., No. CV-05-5697 SMG, 2006 WL 3453180, at *4 (E.D.N.Y. Nov. 28, 2006) ("Collection notices that, like the one here, contain state-specific provisions setting forth rights available under state law, have been considered by a number of courts."). "The weight of authority, however, supports the conclusion that state-specific notifications are not so confusing as to violate the FDCPA." Id. In fact, several cases have firmly dismissed the notion that a state-specific disclosure could be misleading. In White v. Goodman, Judge Posner was highly skeptical about an argument regarding the state-specific disclosure for Colorado. 200 F.3d 1016, 1020 (7th Cir. 2000). In Goodman, on the reverse side of the dunning letter was a paragraph which begins: "The State of Colorado requires that we furnish Colorado residents with the following information...." Id. The court in Goodman wrote that "[s]ince the Fair Debt Collection Practices Act does not require that a copy or summary of it be furnished with every (or any) dunning letter, it is unlikely, to say the least, that recipients of such letters, unless they

happen to be class action lawyers specializing in consumer finance litigation, have any idea of what specific federal or state rights they might have; so they have no benchmark against which to compare the rights that Colorado law confers . . . [a]nd far from implying that Coloradans have superior rights, the paragraph by its opening sentence makes clear that Colorado merely requires that the debt collector furnish Colorado residents with the specified information." Id. The Goodman court concluded that "[r]ealistically the only reaction of a Colorado nonresident to the paragraph would be that it had nothing to do with him." Id. Moreover, in Morse v. Dun & Bradstreet, Inc., the defendant sent plaintiff, a non-Colorado resident, a letter that included the disclosure required by Colorado law.  87 F. Supp. 2d 901, 902 (D. Minn. 2000).  Like in this case, the disclosure was on the reverse side of the letter and it was included among several state-specific notices. Id.  In Bradstreet, plaintiff contended that the multistate form letter would lead the least sophisticated consumer to erroneously believe she was not entitled to the rights included in the Colorado disclosure. Id. at 903.  The court in Bradstreet found this improbable since a non-Colorado consumer would have "to: (1) read the back page of the letter from top to bottom (a significant proposition for sophisticated and unsophisticated consumers alike), (2) carefully review notices that are clearly labeled as applicable to residents of states other than her own, (3) infer that what applies in Colorado does not apply in her own state, (4) conclude that she cannot possibly have such rights under any other laws." Id.

Other cases have come to the same conclusion.  In Brown v. ACB Bus. Servs., Inc., the letter stated that "'the following additional notices apply to persons residing in the following states' and proceed[ed] to list consumer notices under Arizona, Colorado, Illinois, Massachusetts, Minnesota and Tennessee law." No. 95 CIV. 10197 (LMM), 1996 WL 469588, at *3 (S.D.N.Y. Aug. 16, 1996).  The Brown court held that "Congress did not include in the FDCPA a

mandatory notification provision with respect to the FDCPA itself [and] [i]f this Court held that any debt collector who included state rights notifications but not federal rights notifications in its collection letters violated the FDCPA, the Court would in effect write a notification requirement into the FDCPA." Id. See Shami v. United Collection Bureau, Inc., No. 08CV0430(NG) ALC, 2009 WL 3049203, at *3 (E.D.N.Y. Sept. 25, 2009) ("No unsophisticated New York consumer would adopt either of the readings proposed by plaintiff and therefore conclude that the Kansas notice had applicability to him.").

In the present case, Plaintiff's claim suffers from the same deficiencies as the cases cited above. Plaintiff implies the Massachusetts Disclosure overshadowed her rights under the FDCPA. The Massachusetts Disclosure clearly only applies to Massachusetts residents. The Letters state that "if this letter is from Fair Collections & Outsourcing of New England, Inc. [which it was not], the following disclosures apply." The disclosures are then listed by state, with the applicable state in all capital letters. The Massachusetts Disclosure is directly below the term "MASSACHUSETTS". When statements are adjacent to names of states, even the least sophisticated consumer would understand those statements are applicable to residents of those states. Thus, for the consumer to be misled, she would have to read the provision in complete isolation, ignoring the position of the Massachusetts Disclosure next to big capital letters stating MASSACHUSETTS. This is a bizarre way to read the Massachusetts Disclosure. Each state is vertically listed on the back page of the letter as follows: Idaho, Maine, Massachusetts and Wisconsin. As one generally reads down a page anything placed below Massachusetts and above Wisconsin would logically be part of the Massachusetts section. It would not make any sense to conclude that a disclosure sandwiched between two states amongst a list of state-specific disclosures is not related to those states. Thus, reading the Massachusetts Disclosure to be a

stand-alone notice of Federal law would be the sort of unreasonable interpretation the least sophisticated consumer test was meant to prevent.

Plaintiff can't simply completely ignore the content in the rest of the Letters, including all other capital and bolded letters in the state-specific disclosures, and only read the Massachusetts Disclosure thinking it applied to her.  Again, the FDCPA is not meant to protect against every idiosyncratic or possible interpretation, only those that would mislead the least sophisticated consumer.  Allowing a consumer to put on blinders and read a paragraph in complete isolation contravenes the objective element of reasonableness contained the least sophisticated consumer standard.  Plaintiff focuses on the fact that the Massachusetts Disclosure was in bold and set aside, claiming it appeared to be a complete statement of the consumer's rights.  The paragraph was not set-aside.  It is below Massachusetts and above Wisconsin (in capital letters), again suggesting it is only applicable to a specific state.   While the words in the Massachusetts Disclosure were bolded and capitalized, the list of states were also capitalized, making it obvious the disclosure was limited to the corresponding state.  In fact, this was not even the only disclosure in bold and capital letters.  The Colorado disclosure used the same font and was among another list of states on the same page, contradicting the argument that the Massachusetts Disclosure would be read in isolation.  See White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000) ("Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it.").

Even if the Massachusetts disclosure was read in isolation, the premise that it contradicts Plaintiff's rights under the FDCPA is false.  Pursuant to 15 U.S.C. 1692c(3), a debt collector may not communicate with a consumer in connection with the collection of any debt   at the consumer's place of employment if the debt collector knows or has reason to know that the

consumer's employer prohibits the consumer from receiving such communication.  Courts have held that a consumer can verbally notify a debt collector that the consumer's employer prohibits such communications.  See Horkey v. J.V.D.B. & Associates, Inc., 333 F.3d 769 (7th Cir. 2003). The Massachusetts Disclosure provides that the consumer will have to provide a written confirmation of a request to not be contacted the consumer's place of employment. Consequently, the Massachusetts Disclosure allows a consumer to request that no calls be made to the consumer's place of employment whether or not the employer allows such calls.  Hence, the Massachusetts Disclosure and the § 1692c(3) are not conflicting provisions as the Massachusetts Disclosure actually provides additional protection.

Finally, the argument that the Massachusetts Disclosure could confuse a consumer regarding her rights under the FDCPA is hard to believe since, as stated in Goodman, the consumer is not an attorney and has no benchmark with which to compare the disclosure.  200 F.3d at 1020.  To be misled by the Massachusetts Disclosure the following needed to occur: (1) the consumer had to ignore all other language above and below the Massachusetts Disclosure including capitalized letters identifying various states and the bold capital letters regarding the Colorado disclosure and (2) the consumer, after reading the Massachusetts Disclosure, had to think that even if my employer prohibits calls from debt collectors, my only recourse under Federal and State law to prevent such calls is under the procedures outlined in the Massachusetts Disclosure.  As stated above, the FDCPA is not meant to protect against all misinterpretations of collection letters, and requires even the least sophisticated consumer to read the Letters with some care.  Thus, the Plaintiffs have failed to state a claim and this case should be dismissed.

WHEREFORE, Defendant Fair Collections & Outsourcing, Inc., in support of its Motion to Dismiss, respectfully requests that the Court enter an order dismissing all claims against Fair

Collections & Outsourcing, Inc., and for such other relief as the Court deems just and proper under the circumstances for the reasons set forth above.

Respectfully submitted,

/s/ Sean M. Sturdivan

Sean M. Sturdivan            KS #21286
Matthew D. Quant            KS #26253
Sanders Warren & Russell LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrllp.com
Email: m.quant@swrllp.com


Vitaly Libman
Hinshaw & Culbertson LLP
521 W. Main Street, Suite 300
Bellview, Illinois 62222-0509
Phone:  618-310-2335
Fax:     618-277-1144
Email: VLibman@hinshawlaw.com

**Attorneys for Defendant**
**Fair Collections & Outsourcing.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 29TH day of June, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Thomas A. Addleman
Credit Law Center LLC
255 NW Blue Parkwaym Suite 200
Lee's Summit, mIssouri 6406
Phone: (816) 994-6200
Facsimile: (816) 396-6240
Email: toma@creditlawcenter.com

Matthew L. Dameron
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Phone: (816) 876-2600
Facsimile: (816) 221-8763
Email: matt@williamsdirks.com

**Attorneys for Plaintiff**

*/s / Sean M. Sturdivan*
**Attorney**