## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK ENSMINGER and<br>TY LYONS,<br>individually and on behalf of all others<br>similarly situated<br><br>    Plaintiffs,<br><br>        VS.<br><br>FAIR COLLECTIONS &<br>OUTSOURCING, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
Case No. 2:16-CV-02173

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss Plaintiffs' Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). But Defendant neglects to inform this Court of a critical fact: faced with the same language and a substantively identical motion, another federal court refused to dismiss a similar complaint against the same defendant. Joslin v. Fair Collections & Outsourcing, Inc., No. 15-00723, 2016 WL 483117 (W.D. Mo. Feb. 5, 2016). In that case, the Western District of Missouri considered the exact same letter at issue in this case – issued by the exact same Defendant – and declined to dismiss the plaintiff's pleading under the same standards applied here.

This Court should reach a similar conclusion and rebuff Defendant's effort to re-litigate this issue. For the reasons set forth herein, the Court should deny Defendant's Motion.

## FACTUAL BACKGROUND

In their Complaint, Plaintiffs allege that Defendant routinely sends deceptive misleading letters in connection with attempts to collect debts in violation of 15 U.S.C. § 1692e ("FDCPA"). (Complaint at ¶¶ 8-10). Plaintiffs each received letters containing language that, if read in isolation, would mislead consumers about their rights under the Fair Debt Collections Practices Act. (Complaint at ¶¶ 8-14). The individual letters received by Plaintiffs are alleged to be substantially the same as letters regularly sent by Defendant to consumers. (Complaint at ¶¶ 8-9, 35-49).

Defendant's letters direct consumers to look to the reverse side or additional pages for "important information regarding state and federal laws and your rights." (Complaint at ¶ 32). The reverse or second pages of Defendant's letters contain the following, separate paragraph:

> **NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

(hereinafter the "Disputed Language") (Complaint at ¶¶ 8-9, 43 and 49 Defendant's Memorandum in Support of Motion to Dismiss at p.2 ("DMSMD")). The Disputed Language is separated from all other sections, sitting below the Massachusetts section and above the Wisconsin section of Defendant's disclosures. (Complaint at ¶¶ 8-9, 43 and 49; DMSMD at p.2).

2

Defendant does not argue that the language accurately communicates consumers' federal rights. (DMSMD at p.2). Instead, Defendant avers that the paragraph in question "is required by the Commonwealth of Massachusetts for any communication by a debt collector with a consumer. 209 Mass. Code Regs. 18.14." (DMSMD at p. 2). Plaintiffs do not dispute that the *language* is required, but Plaintiffs have found no authority requiring debt collectors to place the language in a separate paragraph or to capitalize and boldface the Disputed Language.

The issue for the court is whether this is an ingenious interpretation of the Disputed Language by Plaintiffs or an ingenious and unlawful use of the Disputed Language by Defendant to technically comply with state law in a way that misleads consumers as to their rights under the FDCPA. Notably, Defendant's Motion does not challenge an objective element of Plaintiffs' claim; rather, the Motion asks this Court to construe and interpret the letter's language – an act that Defendant is encouraging without the benefit of any discovery – and bar Plaintiffs' claim *as a matter of law*.

Furthermore, Defendant's Motion asks this Court to reach a conclusion that is contrary to the conclusion reached by its sister court in the Western District of Missouri. See Joslin, 2016 WL 483117.

## **LEGAL STANDARD**

A court should deny a motion to dismiss if the complaint sets forth enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Twombly stated that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The court assumes the facts as true and then proceeds to determine

whether they plausibly give rise to an entitlement to relief. See Iqbal., 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 678. Plaintiffs' Complaint satisfies this standard. The Complaint articulates a plausible theory of liability under the FDCPA and the Court should deny Defendant's Motion.

## ARGUMENT

### A.    Issue Preclusion Bars Defendant's Motion.

In Joslin, the Western District of Missouri considered the exact same Disputed Language that is at issue here. That court found that because the Disputed Language "is unlike any other state-specific paragraph on the page in that it is bold, capitalized, and set apart from its state label," then "it is not entirely unreasonable that an unsophisticated consumer would not realize the Massachusetts Disclosure was applicable only to Massachusetts residents." Joslin, 2016 WL 483117, at *2. Thus, the Missouri court considered the very question now pending before this Court: is it plausible that Defendant's letter violates the FDCPA? The Missouri court found it was plausible and denied Defendant's motion to dismiss in that case. Defendant was a party to the Missouri litigation, and it had at least some overlapping counsel.[1]

Thus, Joslin squarely addressed the same issue pending before this Court against the same Defendant. In these circumstances, a court may apply issue preclusion to prevent "a party from relitigating an issue once it has suffered an adverse determination on the issue . . ." Park Lake Resources Ltd. Liability v. U.S. Dept. of Agr., 378 F.3d 1132, 1136 (10th Cir. 2004). Issue preclusion applies when (1) the issue previously decided is identical

---

[1]        In Joslin, Defendant was represented by Vitaly Libman of Hinshaw & Culbertson LLP – one of the attorneys representing it in this litigation.

4

with the one presented; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party to the previous action; and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action. Id. (citing Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000)).

Other than the second element – a final adjudication on the merits – Joslin satisfies all the requirements for the Court to apply issue preclusion in this case. The previously decided issue is identical to the one presented here, Defendant was a party in Joslin, and Defendant had a full and fair opportunity to litigate the issue.

Regarding the second element, courts recognize exceptions under certain circumstances. Id. (discussing jurisdiction and other exceptions to issue preclusion). In this case, such an exception is appropriate given the striking parallels between Joslin and this case, including the identical nature of the Disputed Language and the identical nature of the parties. Accordingly, the Court should apply issue preclusion to bar Defendant's Motion.

**B.** **Alternatively, Defendant's Letter Plausibly Misleads Non-Massachusetts Consumers.**

Alternatively, as recognized in Joslin, Defendant's letter to Plaintiff plausibly was misleading and deceptive because the formatting of the Disputed Language may cause a non-Massachusetts resident to believe the language applies to her.

The court noted that the Disputed Language "is unlike any other state-specific paragraph on the page in that it is bold, capitalized, and set apart from its state label," and so "it is not entirely unreasonable that an unsophisticated consumer would not realize the

Massachusetts Disclosure was applicable only to Massachusetts residents." 2016 WL 483117, at *2. Additionally, the court noted that the Massachusetts disclosure "is not on the same line as the label 'Massachusetts'" thereby further enhancing the likelihood of confusion. Id. at *2. The court further found that "the similarity of the names 'Fair Collections & Outsourcing of New England, Inc.' and 'Fair Collections & Outsourcing, Inc.' could reasonably mislead an unsophisticated consumer into believing the paragraph applied to her." Id. Thus, because Defendant's formatting draws attention to the Massachusetts Language without limiting its application to Massachusetts, the court in Joslin found that an unsophisticated consumer[2] plausibly may find the Disputed Language misleading.

This Court should reach a similar conclusion, particularly because the Disputed Language grabs readers' attention through formatting that plausibly makes the Disputed Language clear and conspicuous. See Durtsche v. American Colloid Co., 958 F.2d 1007, 1010-11 (10th Cir. 1992) (discussing clear and conspicuous language in the context of contract interpretation by "persons untutored in contract law") (citing *McDonald v. Mobil Coal Producing, Inc.*, 820 P.2d 986, 989 (Wyo. 1991)). Whether language is clear and conspicuous is a question of law for the court. See id. Clear and conspicuous language draws the readers' attention to it. See id. Capitalization and being set apart from other

---

[2]       Defendant is correct that the Tenth Circuit has not expressly adopted the "unsophisticated consumer" or the "least sophisticated consumer" test, but it has been noted in this District that "the difference between the standards is de minimis at most." Kalebaugh v. Berman & Rabin, P.A., 43 F. Supp. 3d 1215, 1221 (D. Kan. 2014) (quoting Peter v. GC Servs., L.P., 310 F.3d 344, 348 n. 1 (5th Cir.2002)). Either test is an objective test that protects the naïve, credulous or uninformed consumer, but will not find a violation for incredulous misinterpretations. Kalebaugh, 43 F. Supp. 3d at 1220-21. And any variation cannot avail Defendant, because, "[n]either the Tenth Circuit nor any other circuit has adopted a more forgiving standard (to the debt collector)" than these tests. Id. at 1221. Under any standard, courts have consistently held that a debt collector cannot thwart the FDCPA by making required disclosures "in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.1997).

paragraphs on a page make language clear and conspicuous. See id.; see also Jimenez v. Colorado Interstate Gas Co., 690 F. Supp. 977, 980 (D. Wyo. 1988). Similarly, bolded text in a separate, unnumbered paragraph also is "distinctive" and "draws the reader's attention to it" thereby making it conspicuous. J&W Equipment, Inc. v. Weingartner, 618 P.2d 862, 866 (Kan. Ct. App. 1980).

Here, Defendant used several methods that plausibly may draw an unsophisticated consumer's attention to the Disputed Language. The language was capitalized and isolated, directly below the section titled "MASSACHUSETTS" and above the section titled "WISCONSIN" making the language clear and conspicuous. Cf. Jimenez, 690 F. Supp. at 980. The Disputed Language was also capitalized and printed in boldface, which also makes it clear and conspicuous. See J & W Equipment, 618 P.2d at 866. These methods make the isolated, Disputed Language clear and conspicuous, which draws the readers' attention to it. See Durtsche, 958 F.2d at 1010.

Again, this plausible assertion was recognized by the court in Joslin and this Court should reach the same conclusion: that an unsophisticated consumer from a state other than Massachusetts plausibly may find the Disputed Language to be misleading in light of its formatting and typeface. The Court should deny Defendant's Motion.

C.     **Additionally, Defendant's Letter Plausibly Misleads Consumers Because The Disputed Language Conflicts With Federal Law.**

In light of its typeface and formatting, the Disputed Language plausibly may cause an unsophisticated consumer from a state other than Massachusetts to believe that the Disputed Language applies to her. This is particularly troublesome where the Disputed

Language conflicts with federal law, and seeks to impose an additional burden on consumers that does not apply under federal law.

Consumers are protected from abusive debt collection practices by both state and federal law, but compliance with one does not prove compliance with the other. In <u>Brown v. ACB Bus. Servs., Inc.</u>, the court specifically noted that "the least sophisticated consumer could be misled as to the scope of his or her rights by the state disclosures. . . ." <u>Brown v. ACB Bus. Servs., Inc.</u>, No. 95-10197, 1996 WL 469588, at *3 (S.D.N.Y. Aug. 16, 1996).

In this case, federal law permits an alleged debtor to verbally notify a debt collector that the consumer's employer prohibits such communication. <u>See</u> <u>Horkey v. J.V.D.B & Associates, Inc.</u>, 333 F.3d 769, 773 (7th Cir. 2003). But the Disputed Language seeks to impose an additional obligation on consumers by forcing them to confirm that oral notification with a follow-up writing. The Disputed Language informs consumers who have orally notified debt collectors to stop contacting them at work that:

**ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST.**

Complaint at ¶¶ 8-9.

But under federal law, written confirmation is not required, and oral notification never becomes "invalid." <u>See</u> <u>Horkey</u>, 333 F.3d at 773.

Thus, because the Disputed Language in Defendant's letter would authorize Defendant to do what federal law prohibits, the two provisions are in conflict to the extent

that they could be read to be a statement of FDCPA rights.[3] <u>Joslin,</u> 2016 WL 483117, *3-4. In this respect, and particularly in light of its formatting and typeface, the Disputed Language may mislead consumers about their rights and obligations under the FDCPA.

**D.     Defendant's Letter Does Not Conform to State-Specific Safe Harbors.**

Debtors may escape liability under the FDCPA when they place state-specific language in a paragraph beginning with notice that it applies only to certain states. See <u>e.g.</u> <u>White v. Goodman,</u> 200 F.3d 1016, 1020 (7th Cir. 2000) (approving state-specific notice in a paragraph which begins: "The State of Colorado requires. . ."); <u>Morse v. Dun & Bradstreet, Inc.</u>, 87 F. Supp. 2d 901, 903 (D. Minn. 2000) (approving state-specific notice of rights "set forth in the Colorado box"); <u>Shami v. United Collection Bureau, Inc</u>., No. 08CV0430(NG) ALC, 2009 WL 3049203, at *1 (E.D.N.Y. Sept. 25, 2009) (approving a state-specific paragraph beginning with the word "Kansas" in boldface type).

Nonetheless, this "safe harbor" does not create blanket immunity for debtors, and courts consistently find that state-specific language can nonetheless mislead and deceive unsophisticated consumers. E.g. <u>Joslin,</u> 2016 WL 483117, *3-4; <u>Brown,</u> 1996 WL 469588, *3. Indeed, case law *only* creates a safe harbor for state-specific language in a paragraph or box that designates to which states that disclosure applies. E.g. <u>White,</u> at 1020.

As set forth herein, and as recognized by the court in <u>Joslin,</u> Defendant not only failed to place the Disputed Language in the Massachusetts paragraph or a box clearly designated for Massachusetts, it also boldfaced and capitalized the language. (DMSMD

---

[3]     Plaintiff takes no position on the validity of Massachusetts's law or whether it could be creatively parsed to avoid a conflict with the FDCPA. The question is simply whether the section, formatted in this way, would mislead an unsophisticated consumer concerning her rights under the FDCPA.

p.2). Thus, like the court in <u>Joslin</u>, this Court should reject Defendant's effort to invoke the safe harbor.

Consistent with its bold disregard of <u>Joslin</u>, Defendant cites a number of cases to support its safe harbor argument that the court in <u>Joslin</u> explicitly distinguished. <u>See</u> DMSMD at pp. 5-7 (citing <u>Jackson v. Immediate Credit Recovery, Inc.</u>, No. 05-5697, 2006 WL 3453180 (E.D.N.Y. Nov. 28, 2006); <u>White</u>, 200 F.3d at 1020; and <u>Morse</u>, 87 F. Supp. 2d at 902). But the court in <u>Joslin</u> expressly found that "the letters at issue in these cases differed from the letter" at issue in the instant litigation. 2016 WL 483117, *2. Thus, this Court should reach a similar conclusion and afford these cases little to no weight because they are factually distinguishable.

Moreover, <u>Morse</u> is fatal to Defendants' argument because in that case, the court set out a standard to review consumers' behavior. <u>Morse</u> found that an unsophisticated consumer was *unlikely* to:

1.   Read the entire second page, "(a significant proposition for sophisticated and unsophisticated consumers alike);"

2.   Carefully review notices clearly labeled as applicable to residents of other states;

3.   Make a legal inference as to what law applied where; and

4.   Conclude that the consumer cannot have rights under any other laws.

<u>Morse</u>, 87 F. Supp. 2d at 903.

Instead, to understand their rights, consumers receiving Defendant's letter would have to perform <u>Morse</u>'s "improbable" sequence in order to *avoid* being misled. But neither the sophisticated nor the unsophisticated consumer is likely read the entire back page.

Morse at 903. Consumers are not even likely to read sections that are clearly labeled as applying only to residents of other states. White, 200 F.3d at 1020. Having skipped the state sections, it is plausible – even likely – that the consumer would believe that a separate, bolded and capitalized section that began: "**NOTICE OF IMPORTANT RIGHTS,**" was a notice to the consumer, the recipient of a letter addressed to that consumer. It is unlikely that an unsophisticated consumer would pause and carefully analyze the differences in the paragraphs and make an inference that the unlabeled paragraph belonged in the Massachusetts section. Rather, an unsophisticated consumer would far more likely believe that it was the "information regarding . . . federal laws" promised on the first page. (See Defendant's Letter, attached to DMSMD) Believing this to be a statement of federal rights and not seeing any state specific rights, the unsophisticated consumer plausibly would believe this to be a complete statement of federal rights because the consumer is not familiar with the law and has no benchmark to compare this statement with. See White, 200 F.3d at 1020.

Thus, because consumers are likely to be misled, it is plausible that Defendant's letter is misleading. Defendant could have immunized itself by placing the language in the Massachusetts paragraph but did not, and because Defendant did not take steps to bring the letter within the immunity offered by the law, the Court should deny Defendant's Motion.

## CONCLUSION

The court in Joslin acknowledged the inevitable: it is plausible that the Disputed Language is misleading to an unsophisticated consumer in that it (1) may cause an unsophisticated consumer from a state other than Massachusetts to believe it applied to her, and/or (2) may cause an unsophisticated consumer from a state other than Massachusetts

to believe that he must provide written confirmation of his oral request not to be contacted at his place of employment – a requirement not imposed by federal law. As the movant, Defendant has the burden to demonstrate that Plaintiff's claim is implausible – a result already rejected by the court in <u>Joslin</u>, and a result that is supported by the facts and law of the case.

WHEREFORE, for the reasons set forth herein, the Court should deny Defendant's Motion in its entirety.

DATE: July 20, 2016                           Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

                /s/ Matthew L. Dameron
Matthew L. Dameron – KS Bar No. 21071
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone:      (816) 876-2600
Facsimile:       (816) 221-8763
Email:            matt@williamsdirks.com

          -and-

Thomas A. Addleman #51864
**ADDLEMAN LAW FIRM, LLC**
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tele:      (816) 994-6200
Fax:       (816) 396-6240
TomA@addlemanlawfirm.com

**Attorneys for Plaintiffs**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on July 20, 2016, a copy of the foregoing was electronically filed with the Court by using the CM/ECF system, which will provide electronic service to all registered CM/ECF participants.


/s/ Matthew L. Dameron
Counsel for Plaintiffs