IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARK ENSMINGER AND TY LYONS** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:16-CV-02173-CM-GEB** |
| | ) | |
| **FAIR COLLECTIONS &** | ) | |
| **OUTSOURCING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Mark Ensminger and Ty Lyons filed this action under the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. (2012), alleging that defendant Fair Collections & Outsourcing, Inc. violated the FDCPA by sending debt collection letters to plaintiffs that included false, deceptive, and misleading representations about consumers' rights under the FDCPA. (Doc. 1, ¶¶ 8–14, 42–45, 48–49.) Plaintiffs also seek class certification, alleging that defendant routinely sends letters containing substantially the same false, deceptive, and misleading representations to other consumers. (Doc. 1, ¶¶ 8–9, 51.) This matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 10). For the reasons stated below, the court denies defendant's motion.

## I.     Factual Background

Defendant, a debt collection agency, regularly attempts to collect debts by sending consumers letters in the mail. (Doc. 1, ¶ 7.) Between March 20, 2015 and February 17, 2016, defendant sent three letters to plaintiff Ensminger and one letter to plaintiff Lyons. (*See* Doc. 11-1, at 1–8.) Specifically, on March 20, 2015, defendant sent plaintiff Ensminger two letters regarding an alleged debt to Shadow Mountain Ridge. (Doc. 1, ¶ 35–36.) The first letter offered to accept a reduced

-1-

amount for payment in full.  (*Id.* ¶ 35.)  The second letter responded to plaintiff Ensminger disputing the alleged debt and informed him that defendant had "found the account to be correctly reported and will continue to report it."  (*Id.*)  After plaintiff Ensminger's attorney contacted defendant and requested documentation of the alleged debt, defendant sent plaintiff Ensminger a letter through his attorney on May 18, 2015, stating the alleged debt "has been cancelled."  (*Id.* ¶ 40.)  Defendant sent plaintiff Lyons a letter on February 17, 2016 notifying him that his debt to Verano had been "settled in full."  (*Id.* ¶ 46–47.)

All of the letters include a statement near the bottom of the first page advising the recipient to see either the reverse side or an additional page for "important information regarding state and federal laws and your rights."  (*See* Doc. 11-1, at 1–8.)  The reverse side or the second page contains several state-specific disclosures, including the following (the "Massachusetts Disclosure"), which is required under 209 Mass. Code Regs. 18:14(1)(e) (LexisNexis 2016):

> **NOTICE OF IMPORTANT RIGHTS.  YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT.  ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST.  YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

(*See id.*)  The Massachusetts Disclosure is located below the paragraph labeled "MASSACHUSETTS" and above the paragraph labeled "WISCONSIN."  (*See id.*)  These paragraphs are all located under a sentence notifying the recipient that "[i]f this letter is from Fair Collections & Outsourcing of New England, Inc., the following disclosures also apply."  (*See id.*)

Although the letters contain several state-specific disclosures, the formatting of the Massachusetts Disclosure differs from the other disclosures.  The Massachusetts Disclosure is in bold

and all uppercase letters, and in two of the letters, it is indented. (*See id.*) None of the other disclosures are indented. (*See id.*) The only other state-specific disclosure in bold and all uppercase letters is the disclosure for Colorado, which is on the same line and directly follows the "COLORADO" label. (*See id.*) This disclosure states the following: "**FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.**" (*See id.*) The majority of the other state-specific disclosures are neither in bold nor all uppercase letters. (*See id.*)

## II.    Legal Standard

Federal Rule of Civil Procedure Rule 12(b)(6) governs motions to dismiss for failure to state a claim for which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the motion, the court assumes all well-pleaded factual allegations are true and views the facts in the light most favorable to the nonmoving party. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ultimately, the issue is "not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [the plaintiff's] claims." *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III.    Discussion

Because of the formatting of the Massachusetts Disclosure in defendant's letters and the lack of any explicit statements indicating that the Massachusetts Disclosure only applies to Massachusetts residents, it is plausible that the least sophisticated consumer could be misled to believe that the Massachusetts Disclosure applies to all consumers, not just Massachusetts residents. As a result, it is

plausible that defendant's use of the Massachusetts Disclosure constitutes a false or misleading representation under § 1692e.  Congress enacted the FDCPA in response to reports of "abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  One of the purposes of the FDCPA is "to eliminate [these] abusive debt collection practices."  *Id.* § 1692(e). To further this purpose, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  *Id.* § 1692e.  To establish a violation of § 1692e, the plaintiff must show that (1) the plaintiff is a "consumer" and the defendant is a "debt collector" within the meaning of the FDCPA; (2) the debt arises out of a transaction "primarily for personal, family, or household purposes;" and (3) the defendant used a "false, deceptive, or misleading representation or means" when trying to collect the debt.  *Id.* §§ 1692a, 1692e; *see also Yang v. Midland Credit Mgmt., Inc.*, No. 15-2686-JAR, 2016 WL 393726, at *1 (D. Kan. Feb. 2, 2016).

Here, whether defendant violated § 1692e depends on whether defendant's use of the Massachusetts Disclosure constitutes a "false, deceptive, or misleading representation or means." Plaintiffs are consumers and defendant is a debt collector.  Further, each plaintiff alleges that his debt was incurred primarily for personal, family, or household purposes, and defendant does not argue otherwise.  (Doc. 1, ¶¶ 36, 47.)

A.     **Analysis of FDCPA Claims**

When analyzing a claim under the FDCPA the "overwhelming majority of Courts of Appeals" apply the "least sophisticated consumer" or the "least sophisticated debtor" standard, which is also referred to as the "unsophisticated consumer" or the "unsophisticated debtor" standard.[1]  *Jensen v.*

---

[1] Several courts have noted that although the names of the standards vary, the tests are essentially the same.  *See, e.g.*, *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 n.1 (5th Cir. 2002) (explaining that "[b]ecause the difference between the ["least sophisticated consumer" and "unsophisticated consumer"] standards is de minimis at most, [the court] again opt[s] not to choose between these standards."); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 n.2 (9th Cir. 2011) ("The

*Pressler & Pressler*, 791 F.3d 413, 419 n.3 (3d Cir. 2015).  Although the Tenth Circuit has not

expressly adopted this standard, it has recognized that other circuits apply an objective standard when

analyzing FDCPA claims, "measured by how the 'least sophisticated consumer' would interpret the

notice received from the debt collector."  *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1

(10th Cir. Nov. 3, 1997) (unpublished table opinion) (citation omitted).  In *Ferree*, the Tenth Circuit

explained that "the test is how the least sophisticated consumer—one not having the astuteness of a

[lawyer] or even the sophistication of the average, everyday, common consumer—understands the

notice he or she receives."  *Id.* (citation omitted).  The Tenth Circuit, however, also noted that the

hypothetical consumer "can be presumed to possess a rudimentary amount of information about the

world and a willingness to read a collection notice with some care."  *Id.* (citation omitted).  Based on

this guidance from the Tenth Circuit and consistent with recent case law in this district, the court

predicts that the Tenth Circuit would hold that the "least sophisticated consumer" standard applies to

FDCPA claims.  *See e.g.*, *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1222 (D. Kan.

2014); *Yang*, 2016 WL 393726, at *3.

　　　There is a circuit split over whether the application of the "least sophisticated consumer" test in

§ 1692e claims is a question of law or fact.  *Kalebaugh*, 43 F. Supp. 3d at 1222.  Although not

definitively resolving the issue, in *Sheriff*, the Supreme Court recently noted in dicta that "the

application of the FDCPA to [undisputed] facts is a question of law," and the lower court "therefore

properly granted summary judgment" on the issue of whether a practice was "false, deceptive, and

---

'least sophisticated debtor' or 'least sophisticated consumer' standard is employed by the majority of the circuits.  The
Seventh Circuit employs an 'unsophisticated debtor' standard, which appears to differ from the majority test only in
semantics.") (citations omitted).  In *Sheriff v. Gillie*, a recent FDCPA case heard by the Supreme Court, the petitioners
acknowledged that "most courts have adopted a 'least-sophisticated consumer standard,'" but nevertheless argued that the
Court should reject this test and apply "an average consumer who has defaulted on a debt" standard.  Brief for Petitioners
at 41–42, *Sheriff v. Gillie* 136 S. Ct. 1594 (2016) (No. 15-338), 2016 WL 322597, at *41–42.  Because the Court found the
letters in *Sheriff* to be truthful, the Court did not consider the parties' arguments as to "whether a potentially false or
misleading statement should be viewed from the perspective of the 'least sophisticated consumer' or '[t]he average
consumer who has defaulted on a debt.'"  *Sheriff*, 136 S. Ct. at 1602 n.6 (2016) (citations omitted).

misleading." *Sheriff*, 136 S. Ct. at 1603 n.7.  This is consistent with the Second, Fourth, and Ninth

Circuits, which "have determined that the question [of] whether a communication is false and

deceptive in violation of [§] 1692e is a question of law for the [c]ourt." *Kalebaugh*, 43 F. Supp. 3d at

1222 (citations omitted).  Further, although the Fifth, Sixth, Seventh, and Eleventh Circuits held this

determination is a question of fact, these courts have "explained that not all cases require a jury trial if

material facts are not disputed and the court is able to decide the case as a matter of law based on the

language in the collection letter." *Id*.  Consistent with the Supreme Court's dicta and recent case law

from this district, the court predicts that "the Tenth Circuit would decide that the determination of

whether the language in a collection letter is confusing or misleading to the least sophisticated

consumer under § 1692e is a question of law." *Yang*, 2016 WL 393726, at *3.

  **B.**  **State-Specific Disclosures**

  In addition to the FDCPA, states have enacted laws related to fair debt collection practices.

Several of these state laws require that debt collectors include state-specific disclosures when

communicating with consumers.  For example, in this case, in addition to the Massachusetts

Disclosure, defendant's letters include state-specific disclosures for Idaho, Maine, Wisconsin,

Colorado, Minnesota, New York, New York City, North Carolina, and Tennessee.  (*See* Doc. 11-1, at

1–8.)  When applying the "least sophisticated consumer" standard to debt collection letters containing

state-specific disclosures, courts have generally held that the disclosures are not misleading under the

FDCPA.  *See e.g.*, *Jackson v. Immediate Credit Recovery, Inc.*, No. CV-05-5697 (SMG), 2006 WL

3453180, at *4 (E.D.N.Y. Nov. 28, 2006) ("The weight of authority . . . supports the conclusion that

state-specific notifications are not so confusing as to violate the FDCPA."); *White v. Goodman*, 200

F.3d 1016, 1020 (7th Cir. 2000) (holding the state-specific disclosure was not misleading under the

FDCPA); *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 903–04  (D. Minn. 2000) (same);

*Krieger v. Fin. Recovery Servs., Inc.*, No. 16-CV-1132 (ARR) (RML), at *7 (E.D.N.Y. July 7, 2016) (same).

　　The presentation of the state-specific disclosures varies across the cases, but generally a notice that the disclosure only applies to residents of the specific state precedes the disclosure. For example, in *Jackson*, "[e]ach paragraph began, in bold-faced print, with a restrictive heading" such as "For Colorado State Residents Only." *Jackson*, 2006 WL 3453180 at *1. Similarly, in *White*, the paragraph containing the state-specific disclosure began as follows: "The State of Colorado requires that we furnish Colorado residents with the following information . . . ." *White*, 200 F.3d 1020. In *Morse*, the letter included a chart with the following caption: "Note the following which apply in the specified states." *Morse*, 87 F. Supp. 2d at 902. The chart included the column headings of "STATE" and "APPLICABLE NOTICE" and listed state-specific disclosures by state. *Id.* Finally, in *Krieger*, the Massachusetts Disclosure at issue in this case was included and was preceded by the following: "ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS." *Krieger*, No. 16-CV-1132 (ARR) (RML) at *2.

　　In each of these cases, the courts rejected the plaintiffs' arguments that the state-specific disclosures violated the FDCPA's prohibition against false or misleading representations. Specifically, in *Jackson*, *White*, and *Morse*, the courts held it would be unlikely that a non-resident would read the portion of the letter directed to residents of another state and conclude that consumers of other states do not have the same or similar rights. *See Jackson*, 2006 WL 3453180 at *5; *White*, 200 F.3d at 1020; *Morse*, 87 F.Supp.2d at 903–04. In *Krieger*, the court rejected the plaintiff's argument that "'the uppercase and prominent lettering' of the Massachusetts [Disclosure] misled him to believe that the Massachusetts [Disclosure] was 'a notice unto itself' directed at consumers within every state, rather than a notice for only Massachusetts residents." *Krieger*, No. 16-CV-1132 (ARR) (RML) at *4

(citation omitted).  The court emphasized that the Massachusetts Disclosure was preceded by a notification that it applies only to Massachusetts residents and was surrounded by other state-specific disclosures, two of which were also in uppercase letters.  *Id.* at *5–6.  Above all the state-specific disclosures there was a disclaimer stating the following: "This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws."  *Id.* at *6.  There was also a separate section at the bottom of the letter explicitly addressed to "all consumers."  *Id.*

However, in another case against the same defendant in this case, the U.S. District Court for the Western District of Missouri recently denied Fair Collections & Outsourcing, Inc.'s motion to dismiss, holding that because of the formatting of the Massachusetts Disclosure in the defendant's letter, "it is not entirely unreasonable that an unsophisticated consumer would not realize the Massachusetts Disclosure was applicable only to Massachusetts residents."  *Joslin v. Fair Collections & Outsourcing, Inc.*, No. 15-00723-CV-W-DGK, 2016 WL 483117, at *2 (W.D. Mo. Feb. 5, 2016).  The court emphasized the differences between Fair Collection & Outsourcing, Inc.'s letter and the letters in *White* and *Morse*, in which the "state-specific paragraphs were clearly labeled by state."  *Id.*  In the letter at issue in *Joslin*, the court noted that Massachusetts Disclosure "is unlike any other state-specific paragraph on the page in that it is bold, capitalized, and set apart from its state label."  *Id.*

Although the court in *Joslin* analyzed a letter that is likely substantially the same as the letters at issue in this case, the *Joslin* decision does not result in issue preclusion as plaintiffs argue.  The party invoking issue preclusion has the burden of establishing the following:

> (1) the issue previously decided is *identical* with the one presented in the action in question, (2) the prior action has been *finally adjudicated on the merits,* (3) the party against whom the doctrine is invoked was a *party or in privity with a party* to the prior adjudication, and (4) the party against whom the doctrine is raised had a *full and fair opportunity to litigate* the issue in the prior action.

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (citation omitted).

Although the Tenth Circuit has held that dismissal for failure to state a claim is a final judgment on the merits and can result in issue preclusion, it has not held that denial of a motion to dismiss is similarly a final adjudication on the merits.  *See id.* at 1297–98.  Other circuits, however, have specifically held that "denial of a motion to dismiss is *not* a final judgment on the merits because the action continues after the denial."  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285 (5th Cir. 2006); *see also Schor v. Abbott Labs.*, 457 F.3d 608, 615 (7th Cir. 2006) ("Federal law determines the preclusive effect of a federal court's decision, and as a matter of federal law the denial of a motion (whether under Rule 12(b)(6) or Rule 56), so that a suit continues and the issue remains alive, has no preclusive effect.")

Here, plaintiffs concede the second element—a final adjudication on the merits—is not met, but argue that the court should recognize an exception "given the striking parallels between *Joslin* and this case."  (Doc. 13, at 5.)  Plaintiffs, however, have not met their burden of establishing why the court should recognize an exception to the requirement that "the prior action has been *finally adjudicated on the merits*."  *Stan Lee Media, Inc.*, 774 F.3d at 1297.  The court therefore will treat the *Joslin* case as persuasive authority, but not binding.

### C.   Defendant's Letters in This Case

#### 1.   The Massachusetts Disclosure

Similar to the letter in *Joslin*, because of the formatting of the Massachusetts Disclosure in defendant's letters, it is plausible that the least sophisticated consumer could be misled to believe that the Massachusetts Disclosure applies to all consumers, not just Massachusetts residents.  The formatting of the Massachusetts Disclosure is unlike any other state-specific paragraph on the page.  (*See* Doc. 11-1, at 1–8.)  Each letter contains either eight or nine additional state-specific disclosures, but only the disclosure for Colorado is also in both bold and all uppercase letters.  (*See id.*)  Unlike the

disclosure for Colorado, which is on the same line and directly follows the "COLORADO" label, the Massachusetts Disclosure is on a separate line.  (*See id.*)  In two of the letters, the Massachusetts Disclosure is also the only indented state-specific disclosure.  (*See id.*)  The Massachusetts regulation requires debt collectors to include the notice, but it does not require that the entire notice be in bold and all uppercase letters.  *See* 209 Mass. Code Regs. 18:14(1)(e).  In *Krieger*, the Massachusetts Disclosure was in uppercase letters, but it was surrounded by other state-specific disclosures that were also in uppercase letters.  *Krieger*, No. 16-CV-1132 (ARR) (RML) at *6.

Further, unlike the letters in *Jackson*, *White*, *Morse*, and *Krieger*, defendant's letters do not explicitly indicate that the state-specific disclosures only apply to residents of the states listed.  In defendant's letters, the Idaho, Maine, Massachusetts, and Wisconsin state-specific disclosures are preceded by a sentence that states "[i]f this letter is from Fair Collections & Outsourcing of New England, Inc. the following disclosures also apply."  (*See* Doc. 11-1, at 1–8.)  The Colorado, Minnesota, New York, New York City, North Carolina, and Tennessee state-specific disclosures are preceded by a sentence that states "[i]f this letter is from Fair Collections & Outsourcing, Inc. the following disclosures also apply."  (*See id.*)  Each state is then listed in all uppercase letters, but there are no explicit statements indicating that each disclosure only applies to the residents of that state.  (*See id.*)  In *Krieger*, the court emphasized the importance of the headings for each disclosure, noting that "the state-specific disclosures are delineated by headings that clearly inform consumers like Krieger that they apply only to residents located within those states."  *Krieger*, No. 16-CV-1132 (ARR) (RML) at *6.

Based on the formatting of the Massachusetts Disclosure in defendant's letters and the lack of any explicit statements indicating that the Massachusetts Disclosure only applies to Massachusetts residents, it is plausible that the least sophisticated consumer could be misled to believe that the

disclosure applies to all consumers, not just Massachusetts residents.  As a result, it is plausible that defendant's presentation of the Massachusetts Disclosure constitutes a false or misleading representation under § 1692e.

### 2.    Massachusetts Disclosure Versus the FDCPA

Plaintiffs argue that it is particularly troublesome that non-Massachusetts residents could be misled into believing that the Massachusetts Disclosure applies to them because the Massachusetts Disclosure conflicts with federal law.  (Doc. 13, at 7–8.)  As discussed below, § 1692c(a)(3) of the FDCPA also contains a provision related to debt collectors contacting consumers at their place of employment.  However, regardless of the interaction between the FDCPA and the Massachusetts Disclosure, because of defendant's presentation of the Massachusetts Disclosure in its letters, it is plausible the least sophisticated consumer could be misled to believe that the disclosure applies to all consumers, which it does not.  The fact that defendant included the Massachusetts Disclosure in its letters, which is required under Massachusetts state law, does not result in a plausible claim under § 1692e.  Rather, the way that defendant included the Massachusetts Disclosure—in such a way that the least sophisticated consumer could be plausibly misled to believe it applies to him or her when it does not—results in a plausible claim under § 1692e.

The Massachusetts Disclosure informs consumers that they have the right to request that debt collectors not contact them regarding their debt via telephone at their place of employment.  209 Mass. Code Regs. 18:14(1)(e).  The request can be made orally or in writing, but an oral request is only valid for ten days unless the consumer provides written confirmation.  *Id.*  In comparison, under § 1692c(a)(3) of the FDCPA, a debt collector cannot communicate with a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."  15 U.S.C. § 1692c(a)(3).  Courts have

held that a consumer can verbally notify a debt collector that the consumer's employer prohibits such communications.  *See Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 773 (7th Cir. 2003).  Thus, if a consumer's employer prohibits such communications, the consumer would not need to provide written confirmation to validate an oral request.  The FDCPA, however, does not require that debt collectors include any written disclosure to consumers about this right.  *See* 15 U.S.C. § 1692c(a)(3); *Krieger*, No. 16-CV-1132 (ARR) (RML) at *6.

Plaintiffs argue that the Massachusetts Disclosure conflicts with the FDCPA and could mislead consumers into believing that they have to send a written confirmation after verbally informing the debt collector that the consumer's employer prohibits communication in connection with the collection of any debt.  (Doc. 13, at 8.)  Under the FDCPA § 1692c(a)(3), no additional written confirmation is required.  *See* 15 U.S.C. § 1692c(a)(3); *see also Horkey*, 333 F.3d at 773.  Defendants argue the Massachusetts Disclosure and the FDCPA do not conflict, but rather the Massachusetts Disclosure provides additional protections—even if the employer does not prohibit telephone calls from debt collectors, consumers can prohibit debt collectors from contacting them at the workplace by providing a written notice.  (Doc. 11, at 9.)

The FDCPA explicitly states that it "does not annul, alter, or affect, or exempt any person . . . from complying with the laws of any [s]tate with respect to debt collection practices, except to the extent that those laws are inconsistent with [the FDCPA], and then only to the extent of the inconsistency."  15 U.S.C. § 1692n.  Further, a state law that provides consumers additional protections beyond the FDCPA is not inconsistent with the FDCPA.  *Id.*  Plaintiffs identify a situation in which the Massachusetts Disclosure is inconsistent with the FDCPA, and defendant identifies a situation in which the Massachusetts Disclosure provides consumers greater protection than the FDCPA.  These situations, however, are only applicable to Massachusetts residents.  Yet, given the

way defendant included the Massachusetts Disclosure in its letters, it is plausible that the least sophisticated consumer could be misled to believe that the Massachusetts Disclosure applies to all consumers, not just Massachusetts residents.  This results in a plausible claim under § 1692e.

**IV.**    **Conclusion**

Because of the formatting of the Massachusetts Disclosure in defendant's letters and the lack of any explicit statements indicating that the Massachusetts Disclosure only applies to Massachusetts residents, it is plausible that the least sophisticated consumer could be misled to believe that the Massachusetts Disclosure applies to all consumers, not just Massachusetts residents.  As a result, it is plausible that defendant's use of the Massachusetts Disclosure constitutes a false or misleading representation under § 1692e.  Because plaintiffs have stated a plausible claim upon which relief can be granted, defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 10). is denied.

Dated this 23rd day of November, 2016, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**